**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | ) Chapter 11<br>) Subchapter V<br>) |
| CHAD ROSENTHAL,<br>    Debtor. | ) Case No. 25-12369 (DJB)<br>) |

**APPLICATION OF THE DEBTOR FOR AN ORDER (I) FIXING A BAR DATE FOR
FILING PROOFS OF CLAIM AND (II) APPROVING THE BAR DATE ORDER,
NOTICE AND RELATED PROCEDURES**

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby applies (the

"Application") for the entry of an order (i) establishing a bar date to file proofs of claim and (ii)

approving the form and manner of notice thereof, and in support thereof, respectfully avers as

follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b).

2.      Venue of this proceeding and this Application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 501,

502 and 1111(a), and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.      On June 12, 2025, the Debtor filed for relief under Chapter 13.  The case was

converted to one under Subchapter V of Chapter 11 on December 3, 2025, (see docket #30).

5.      The 341 meeting of creditors was held and concluded on January 23, 2026.

6.     The Subchapter V Status Conference was held and concluded on January 27, 2026, (see docket # 49).

7.     Since the Petition Date, the Debtor has continued to caring for his marital property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

8.     By this Application, the Debtor seeks entry of an Order, a copy of which is attached hereto, pursuant to §§ 105, 501, 502 and 1111(a) of the Bankruptcy Code and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Bankruptcy Rules:

   a.     Establishing, except as otherwise stated in subparagraphs (b) and (c), as the deadline for all persons and entities, other than a governmental unit (as defined in § 101(27)), holding or wishing to assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (individually, a "Claim" and collectively, the "Claims") to file a proof of such Claim in the Debtor's Chapter 11 case (the "General Bar Date");

   b.     Establishing the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Debtor has amended the Schedules, reducing, deleting, or changing the status of a scheduled claim of such claimant as the bar date for filing a proof of claim in respect of such amended scheduled claim (the "Amended Schedule Bar Date," with the General Bar Date, collectively the "Bar Dates"); and

   c.     Approving the Debtor's proposed form and manner of notice of the Bar Dates.

9.     The filing of proofs of claim in a Chapter 11 case is generally governed by Fed.R.Bankr.P. 3003(c)(3), which provides that the Court shall fix a bar date by which creditors are to file proofs of claim.

2

10.     Fed.R.Bankr.P. 2002(a)(7) provides that at least twenty-one (21) days' notice by mail be given to the Debtor, the United States Trustee and all creditors of the bar date fixed by the Court within which proofs of claim shall be filed in this case.

11.     Fed.R.Bankr.P. 3003(c)(2) provides that "Any creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim ... within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

12.     In order for the Debtor to carry out the provisions of the Bankruptcy Code and to formulate a plan, it is desirable that the Debtor have the opportunity to review all claims of creditors not listed on the Schedules and all claims scheduled as disputed, contingent or unliquidated on the Schedules.

13.     To this end, the Debtor requests that the Court set the Bar Date for filing proofs of claim in these cases.

14.     The Bar Date would apply to all persons or entities (each as defined in §§ 101(41) and 101(15), respectively, of the Bankruptcy Code), other than governmental units (as defined in § 101(27)), holding Claims against the Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, to file a proof of claim, including the following:

   a.  Any person or entity whose Claim is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in this Chapter 11 case or share in any distribution in this Chapter 11 case;

   b.  Any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

   c.  Any person or entity whose Claim against the Debtor is not listed in the Schedules.

3

15.     The Debtor proposes that the following persons or entities would not need to file

Proofs of Claim:

a.   Any person or entity (a) that agrees with the nature, classification and amount of
     such Claim set forth in the Schedules and (b) whose Claim against the Debtor is
     not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

b.   Any person or entity that has already properly filed a Proof of Claim against the
     Debtor;

c.   Any person or entity asserting a Claim allowable under §§ 503(b) and 507(a)(l)
     of the Bankruptcy Code as an administrative expense of the Chapter 11 case;
     and

d.   Any person or entity whose Claim against the Debtor previously has been
     allowed by, or paid pursuant to, an order of the Bankruptcy Court.

16.     The Debtor shall retain the right to: (a) dispute or assert offsets or defenses

against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount

liability, classification or otherwise; or (b) subsequently designate any Claim as disputed,

contingent or unliquidated.

17.     However, if the Debtor amends the Schedules to reduce the undisputed, non-

contingent or liquidated amounts or to change the nature or classification of a Claim against the

Debtors reflected therein, then the affected claimant shall have until the Amended Schedule Bar

Date to file a proof of claim or to amend any previously filed proof of claim in respect of such

amended scheduled Claim.  Notwithstanding the foregoing, nothing set forth herein will preclude

the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

18.     The Debtor proposes that, pursuant to Rule 3003(c)(2) of the Federal Rules of

Bankruptcy Procedure, any person or entity that is  required to file a proof of claim in this

Chapter 11 case but fails to do so in a timely manner, should be forever barred, estopped and

enjoined from: (a) asserting any Claim against the Debtor that such person or entity has that (i) is

4

in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim.

19.     The Debtor also seeks approval of the proposed form of "Notice of Deadline to File Proofs of Claim" attached hereto as **Exhibit "A"** (the "Bar Date Notice").

WHEREFORE, the Debtor respectfully requests that this Court enter the attached form of Order (i) establishing a bar date by which proofs of claim must be filed in this proceeding, (ii) approving the Bar Date Notice, (iii) requiring the Debtor's counsel to mail or e-mail the Bar Date Notice and the Order to all creditors and parties in interest, and (iv) granting such other and further relief as this Court may deem just.

*CENTER CITY LAW OFFICES, LLC*
By: */s/Maggie S. Soboleski*
Pa. Id. No.: 88268
  1632 Ellsworth Street
Philadelphia, PA 19146
Tele.: 215-620-2132
E-Mail: msoboles@yahoo.com

Dated: March 26, 2026

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Subchapter V |
| CHAD ROSENTHAL, | ) |  |
|  | ) | Case No. 25-12369 (DJB) |
| Debtor. | ) |  |
|  | ) |  |

**ORDER ESTABLISHING BAR DATES FOR FILING
PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE**

AND NOW, this_____day of_____, 2026, upon consideration of the

Application of the INDIVIDUAL DEBTOR, CHAD ROSENTHAL, pursuant to Bankruptcy

Rules 2002(a)(7) and 3003(c)(3), for an Order (i) Fixing a Bar Date for Filing Proofs of Claim

and (ii) Approving the Bar Date Order, Notice and Related Procedures (the "Application"), and

after notice, it is hereby ORDERED that:

1.      The Application is GRANTED;

2.      Pursuant to Rule 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy

Procedure, except as set forth herein, all persons and entities other than a governmental unit

(each as defined in §§ 101(41), 101(15) and 101(27), respectively, of the Bankruptcy Code),

including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions

(individually, a "Creditor", and collectively, the "Creditors") holding or wishing to assert claims

(as such term is defined in § 101(5) of the Bankruptcy Code) against the Debtor (individually, a

"Claim", and collectively, the "Claims") are required to file a separate, completed, and executed

proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially

to Official Bankruptcy Form B10), together with accompanying documentation (a "Proof of

Claim") on account of any Claims such Creditor holds or wishes to assert against the Debtor so

that the Proof of Claim is actually received by the Clerk's Office on or before _____

(the "General Bar Date") at the following address:

> Clerk's Office
> U.S. Bankruptcy Court for the Eastern District of PA
> Robert N.C. Nix, Sr. Building
> 900 Market Street, Suite 400
> Philadelphia, PA 19107

3.      Facsimile submissions will not be accepted.  Proofs of Claim shall be deemed filed only when actually received.

4.      Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim of any of the types set forth below:

     a.      any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtor is not listed as "disputed", "contingent" or "unliquidated" in the Schedules;

     b.      any Creditor that has already properly filed a Proof of Claim against the Debtor;

     c.      any Creditor whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of this Court; and

     a.      any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case.

5.      The Debtor shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that if the Schedules are amended to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of

Claim in respect of such amended scheduled claim.  The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Schedules have been amended to reduce the amount of, delete, or change the status of a scheduled claim of such claimant.  Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

6.      Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim; and the Debtor and his property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

7.      The form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to the Application as **Exhibit "A"**, is approved.  The Bar Date Notice shall be mailed by the Debtor by first class mail, postage prepaid, or via acceptable e-mail as soon as practicable, but in no event later **than _____, 2026**, to all known creditors holding potential pre-petition Claims.

8.      The provisions for notice of the Bar Dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

3

9.     All Creditors that desire to rely on the Schedules with respect to filing a Proof of

Claim in the Debtor's Chapter 11, Subchapter V case shall have the responsibility for

determining that their Claims are accurately listed therein.


                                        BY THE COURT:


Dated: _____              _____
                                        DEREK J. BAKER
                                        UNITED STATES BANKRUPTCY JUDGE

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Subchapter V |
| CHAD ROSENTHAL, | ) |
|         Debtor. | ) Case No. 25-12369 (djb) |
|  | ) |
|  | ) |

**EXHIBIT "A" -- NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM**

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST THE DEBTOR, PLEASE TAKE NOTICE THAT:

The Bankruptcy Court entered an Order in CHAD ROSENTHAL, PERSONAL, Chapter 11, Sub V case (the "Bar Date Order"), establishing **_____, 2026,** as the general claims bar date (the "General Bar Date").

Except as described below, the Bar Date Order requires that any Claims (as defined herein) against the Debtor be filed with the Clerk of the United States Bankruptcy Court (the "Clerk's Office") by submitting a proof of claim to the following address: Clerk's Office, U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Building, Suite 400, 900 Market Street, Philadelphia, PA 19107, so that such proof of claim is **ACTUALLY RECEIVED on or before the General Bar Date, _____, 2026**.

Proofs of claim are deemed filed only when they are actually received by the Clerk's Office, and facsimile submissions will not be accepted.

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions (individually, an "Entity") holding claims against the Debtor (whether secured, priority or unsecured) that arose prior to **JUNE 12, 2025**, are required to file proofs of claim by the General Bar Date, unless otherwise provided herein.

The following Entities must file a proof of claim on or before the General Bar Date, unless otherwise provided herein: (a) any Entity whose Claim is listed in the schedules of assets and liabilities (the "Schedules") as "disputed," "contingent" or "unliquidated" and who desires to participate in the Chapter 11 case or share in any distribution in the Chapter 11 case; (b) any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or (c) any Entity asserting a Claim that is not listed in the Schedules.

The following Entities do not need to file a proof of claim on or before the General Bar Date: (a) any Person or Entity (i) that agrees with the nature,

1

classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules; (b) any Person or Entity that has already properly filed a proof of claim against the Debtor; (c) any Person or Entity asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case; and (d) any Person or Entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court. Entities should not file a proof of claim if such Entity does not have a Claim against the Debtor.

Any Entity whose Claims have been reduced, deleted or the status of which has been changed in connection with amendments to the Schedules must file a proof of claim in respect of such amended schedule claim on or before the later of: (a) the General Bar Date or (b) thirty (30) days after such Entity is served with notice that the Schedules have been amended.

Any Entity that is required to file a proof of claim but fails to do so in a timely manner, will be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under any plan in this Chapter 11 case in respect of an Unscheduled Claim.

Neither the Debtor, their attorneys, nor the Clerk's Office can advise you whether you should file a proof of claim. Nothing set forth in this bar date notice shall preclude the Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

Neither the Debtor's counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.

Dated: March 26, 2026

By: */s/**Maggie S. Soboleski**
Pa. Id. No.: 88268
1632 ELLSWORTH STREET
Philadelphia, PA 19146
Tele.: 215-620-2132
E-Mail: msoboles@yahoo.com

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Subchapter V |
| CHAD ROSENTHAL, | ) |  |
|  | ) | Case No. 25-12369 (DJB) |
| Debtor. | ) |  |
|  | ) |  |

**NOTICE OF DEBTOR'S APPLICATION FOR AN ORDER (I) FIXING
A BAR DATE FOR FILING PROOFS OF CLAIM AND (II) APPROVING
THE BAR DATE ORDER, NOTICE AND RELATED PROCEDURES**

TO: THE UNITED STATES TRUSTEE, FED.R.BANR.P. 2002 PARTIES, AND PARTIES IN INTEREST, NOTICE IS GIVEN THAT:

1.      Debtor, CHAD ROSENTHAL'S, Application for an Order (i) Fixing a Bar Date for Filing Proofs of Claim and (ii) Approving the Bar Date Order, Notice and Related Procedures (the "Application") has been filed with the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Building, Suite 400, 900 Market Street, Philadelphia, PA 19107, where it is available for inspection during normal business hours.

2.      The Application requests that the Court (i) establish bar dates to file proofs of claim in this case and (ii) approve the form and manner of notice thereof.

3.      Any creditor or party in interest or the U.S. Trustee may file an answer, objection or other responsive pleading to this Application with the Clerk's Office, United States Bankruptcy Court, Robert N.C. Nix, Sr. Building, Suite 400, 900 Market Street, Philadelphia, PA 19107, within seven (7) calendar days of the date of this Notice and serve a copy upon counsel for the Debtor whose name and address appears below.  Any creditor, party of interest, or the U.S. Trustee may request a hearing in writing stating the reason why a hearing is necessary.

4.      In the absence of any answer, objection or responsive pleading, the Court may enter an Order approving the Application and establishing the bar dates requested by the Debtor.

Dated: March 26, 2026