**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) Subchapter V |
| CHAD ROSENTHAL, | ) |
| | ) Case No. 25-12369 (DJB) |
| Debtor. | ) |
| | ) |

**ORDER ESTABLISHING BAR DATES FOR FILING**
**PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE**

AND NOW, this＿＿＿＿＿＿＿day of＿＿＿＿＿, 2026, upon consideration of the

Application of the INDIVIDUAL DEBTOR, CHAD ROSENTHAL, pursuant to Bankruptcy

Rules 2002(a)(7) and 3003(c)(3), for an Order (i) Fixing a Bar Date for Filing Proofs of Claim

and (ii) Approving the Bar Date Order, Notice and Related Procedures (the "Application"), and

after notice, it is hereby ORDERED that:

1.      The Application is GRANTED;

2.      Pursuant to Rule 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy

Procedure, except as set forth herein, all persons and entities other than a governmental unit

(each as defined in §§ 101(41), 101(15) and 101(27), respectively, of the Bankruptcy Code),

including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions

(individually, a "Creditor", and collectively, the "Creditors") holding or wishing to assert claims

(as such term is defined in § 101(5) of the Bankruptcy Code) against the Debtor (individually, a

"Claim", and collectively, the "Claims") are required to file a separate, completed, and executed

proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially

to Official Bankruptcy Form B10), together with accompanying documentation (a "Proof of

Claim") on account of any Claims such Creditor holds or wishes to assert against the Debtor so

that the Proof of Claim is actually received by the Clerk's Office on or before May 8, 2026 (the

"General Bar Date") at the following address:

> Clerk's Office
> U.S. Bankruptcy Court for the Eastern District of PA
> Robert N.C. Nix, Sr. Building
> 900 Market Street, Suite 400
> Philadelphia, PA 19107

3.      Facsimile submissions will not be accepted.  Proofs of Claim shall be deemed

filed only when actually received.

4.      Proofs of Claim are not required, at this time, to be filed by any Creditor asserting

a Claim of any of the types set forth below:

   a.      any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtor is not listed as "disputed", "contingent" or "unliquidated" in the Schedules;

   b.      any Creditor that has already properly filed a Proof of Claim against the Debtor;

   c.      any Creditor whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of this Court; and

   a.      any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case.

5.      The Debtor shall retain the right to: (a) dispute or assert offsets or defenses

against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount,

liability, classification or otherwise; or (b) subsequently designate any Claim as disputed,

contingent or unliquidated; provided, however, that if the Schedules are amended to reduce the

undisputed, non-contingent or liquidated amounts or to change the nature or classification of a

Claim against the Debtor reflected therein, then the affected claimant shall have until the

Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of

Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Schedules have been amended to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

6. Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim; and the Debtor and his property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

7. The form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to the Application as **Exhibit "A"**, is approved. The Bar Date Notice shall be mailed by the Debtor by first class mail, postage prepaid, or via acceptable e-mail as soon as practicable, but in no event later **than April 10, 2026**, to all known creditors holding potential pre-petition Claims.

8. The provisions for notice of the Bar Dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

9.      All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in the Debtor's Chapter 11, Subchapter V case shall have the responsibility for determining that their Claims are accurately listed therein.


BY THE COURT:

_____

Dated: March 31, 2026          DEREK J. BAKER
                               UNITED STATES BANKRUPTCY JUDGE

4