## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Chad Rosenthal, | § § | Case No. 25-12369-DJB |
| Debtor. | § § § § | |

## OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S
## CHAPTER 11 PLAN OF REORGANIZATION

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Objection") to confirmation of the *AMENDED Plan of Reorganization for Small Business Under Chapter 11 SUBCHAPTER V - APRIL 27, 2026* (Docket No. 66) (the "Plan") filed by Chad Rosenthal (the "Debtor"). In support of this Objection, the U.S. Trustee states as follows:

## BACKGROUND

1. On April 15, 2026, the Court entered the *Order Setting Hearing On Confirmation Of Plan And Related Deadlines, With Notice Thereof* (Docket No. 59) (the "Scheduling Order").

2. Pursuant to the Scheduling Order, the hearing to consider confirmation of the Debtor's proposed Plan is scheduled for May 26, 2026 at 1:00 p.m.

3. The deadline to object to confirmation is May 15, 2026.

1

4.      The report of plan voting, confirmation brief, proposed confirmation order, and confirmation declarations, however, are all due after the objection deadline.

5.      On April 27, 2026, the Debtor filed the proposed Plan.

6.      On April 23, 2026, the U.S. Trustee filed the *Motion of the United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for (i) Failure to File Operating Reports* (Docket No. 61) (the "Motion").  Pursuant to the Motion, the U.S. Trustee requests a finding of "cause" under Bankruptcy Code section 1112(b) for a failure to file monthly operating reports for December 2025, January 2026, February 2026, and March 2026 [*i.e.*, the Debtor had not filed a single operating report in the four (4) months since the case was converted from one pending under chapter 13 of tile 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") to a case pending under subchapter V of chapter 11].

## OBJECTION

7.      The U.S. Trustee objects to confirmation of the Plan because the Debtor cannot carry its burden of demonstrating that the Plan complies with the applicable provisions for confirmation of a Subchapter V bankruptcy plan.  *In re Walker*, 628 B.R. 9, 18 (Bankr. E.D. Pa. 2021) ("To obtain confirmation of the Plan under chapter 11 of the Bankruptcy Code, the Debtor has the burden of proving that the plan satisfies all the confirmation requirements of the Bankruptcy Code.").

8.      The Debtor's projected cash flow is set forth in Exhibit B to the Plan. The Plan projects monthly income of $1,384.62, with net income of $417.93.

2

9.   An examination of the Debtor's historical financial performance is necessary to anticipate, and thereby project, the Debtor's future financial performance under the proposed Plan.  *See* 11 U.S.C. § 1190(1)(C).  Moreover, the Plan's proposed payments must be feasible, such that the Debtor is not likely to default and require liquidation or further financial reorganization.  *See* 11 U.S.C. § 1129(a)(11); *see also* 11 U.S.C. § 1191(c)(3)(A) (plan must provide that debtor will make all plan payments or that there is a reasonable likelihood that the debtor will be able to make the payments).

10.   Here, the most recent monthly operating report reflects that the Debtor has $154.80 in cash and generated $0 in income and $0 in expenses in March of 2026.  Docket No. 70.

11.   In February, the Debtor similarly had $0 in income and $0 in expenses.  Docket No. 69.

12.   In January, the Debtor had $0 in income and $45.20 in expense, for a net income of negative $45.20.  Docket No. 68.

13.   Accordingly, for the entirety of the most recent quarter for which reports have been filed, the Debtor had $0 in income and experienced a net loss in cash, with a total ending cash balance of only $154.80 as of the most recent monthly operating report.

14.   The projections set forth in Exhibit B therefore are wholly inconsistent with the historical financial performance as reflected in the monthly operating

reports.  Those historical figures demonstrate that the Plan is not feasible and confirmation must be denied.

15.     The Debtor seeks confirmation under section 1191(a).  The primary standard for which is that all impaired classes of claims or interest must vote to accept the Plan.  With the proposed treatment to unsecured creditors of payment of just $.01 on the dollar, it seems unlikely the class will vote in support, especially where the Debtor's financials indicate even that minimal payment is not feasible.

16.     The requested consensual confirmation cannot occur absent satisfaction of all the section 1191(a) standards.  The report of plan voting is not due until after the deadline to object to confirmation.  The U.S. Trustee reserves all rights to make additional argument on this issue at confirmation.

17.     Similarly, the confirmation brief, proposed confirmation order, and confirmation declarations all are not due until after the deadline to object to confirmation.  The U.S. Trustee reserves all rights to raise additional issues and make additional arguments after it learns the factual and legal predicates upon which the Debtor will rely in support of confirmation.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny

confirmation of the Plan and grant such other and further relief as the Court deems

just and proper.

Dated: May 14, 2026                Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: John.Schanne@usdoj.gov