**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CHAD ROSENTHAL, | : | |
| | : | |
| Debtor. | : | Case No. 25-12369 (DJB) |
| | : | |

**DEBTOR'S (I) REPORT OF PLAN VOTING ON THE
AMENDED PLAN OF REORGANIZATION DATED APRIL27, 2026; (II)
MEMORANDUM OF LAW IN SUPPORT OF THE PLAN UNDER
SECTION 1191 OF THE BANKRUPTCY CODE and (III) CONFIRMATION
DECLARATION**

The Debtor and Debtor in Possession, Chad Rosenthal, by and through its counsel, Center City Law Offices, LLC., hereby respectfully submits the following (I) Report of Plan Voting, (II) Memorandum of Law in Support of Confirmation and (III) Confirmation Declaration to this Honorable Court and represents as follows:

**(I)     REPORT OF PLAN VOTING**

1.      The Debtor filed its Amended Plan of Reorganization on April 27, 2026 with this Court.

2.      A confirmation hearing is scheduled for May 26, 2026.

3.  The Debtor caused the Plan, Voting Materials, and Ballot to be served to all required creditors, interest holders and parties in interest entitled to vote on the Plan.

4.  Consistent with Local Bankruptcy Rule 3016-1, the undersigned, as the attorney for the Plan Proponent, is required to file this Report of Plan Voting, under penalty of perjury.

5.  The Amended Plan of Reorganization dated April 27, 2026 divides creditors into two (2) separate Classes.  The following is a report of the votes received from each of the respective

1

Classes of creditors, to the extent they are required to vote.  Votes were solicited from all Classes:

    a.    The Plan provides that all administrative claims shall be paid in full over the course of the Plan to the Subchapter V Trustee and Debtor's counsel.  These claims are not impaired.  Votes were not required from creditors of this Class and this Class is deemed to have **accepted** the Plan pursuant.

    b.    Class II represents the claims of Non-Priority Unsecured Creditors.  Class II Claimants will be paid at .01 cent on the dollar.  This Class has not filed any objections to the Plan and did not return a ballot by the deadline.. This Class has therefore voted to **accept** the Plan.

6.    **Objections.**   The Debtor has received only one filed objection to the proposed Confirmation of the Plan as of the date of filing this Report of Plan Voting.  This sole objection was filed by the Office of the United States Trustee.  Any representations made by the Department of Justice (the "DOJ") are currently suspect. The DOJ is inherently corrupt, most evident by the "slush fund" established by the acting attorney general in an effort to siphon American taxpayer dollars to support bogus and criminal claims of this administration's perceived enemies.[1] Regardless, as it pertains to this instant bankruptcy case, the Debtor is rectifying its bank account reporting errors and will be able to show that the Debtor's plan is feasible based on Debtor's income into the household.

7.  The Debtor has filed all operating reports through April 2026 and anticipates filing all future reports in a timely fashion.

---

[1]See:  https://www.nytimes.com/2026/05/20/opinion/trump-doj-slush-fund-criminals-corruption.html; and see also: https://www.cnbc.com/2026/05/21/trump-doj-lawfare-fund-congress-blanche.html.

**(II).   MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(a)**

Debtor, Chad Rosenthal, in the above-captioned Subchapter V case, respectfully submits this memorandum of law in support of confirmation of the Debtor's Plan of Reorganization dated April 27, 2026, (the "Plan"), pursuant to 11 U.S.C. §§ 1129 and 1191(a).

A. INTRODUCTION

The Debtor converted this case under Subchapter V of Chapter 11 on December 3, 2025 to reorganize its financial affairs and pay off any business debts from his prior restaurant that he personally guaranteed.  The Plan provides creditors with a fair and equitable recovery while allowing the Debtor to open new restaurants without the added burden of debt from prior restaurant endeavors, thus maximizing value for all parties in interest.  All impaired classes entitled to vote have accepted the Plan, and the Plan satisfies all applicable requirements of 11 U.S.C. § 1129(a), except § 1129(a)(15), which is expressly inapplicable under § 1191(a). Accordingly, the Court should confirm the Plan as a consensual Subchapter V plan under 11 U.S.C. § 1191(a).   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of a Chapter 11 plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. LEGAL STANDARD

Section 1191(a) of the Bankruptcy Code provides that the Court shall confirm a Subchapter V plan if "all of the requirements of section 1129(a), other than paragraph (15), are met." 11 U.S.C. § 1191(a). A plan confirmed under § 1191(a) is considered a consensual Subchapter V plan because each impaired class has accepted the plan as required by §1129(a)(8).

Unlike a nonconsensual confirmation under § 1191(b), consensual confirmation under § 1191(a) does not require the debtor to satisfy the disposable income test or the "fair and equitable" requirements applicable to cram-down confirmation.

      a.   The Plan Satisfies The Requirements of § 1129(a)(1)

The Plan complies with the applicable provisions of Chapter 11, including §§1122 and 1123. The Plan properly classifies claims and interests, specifies treatment for each class, and provides adequate means for implementation.

      b.   The Debtor Has Complied with Applicable Provisions of the Bankruptcy Code (§ 1129(a)(2))

The Debtor has complied with all applicable provisions of the Bankruptcy Code, including solicitation and notice requirements under §§ 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

      c.   The Plan Has Been Proposed in Good Faith (§ 1129(a)(3))

The Plan was proposed in good faith and not by any means forbidden by law. The Plan was developed to maximize recoveries while preserving the Debtor's going-concern operations. Courts generally find good faith where a plan has a legitimate reorganizational purpose and offers a reasonable prospect of success. The Plan satisfies this standard.

d.   Payments for Services and Expenses Are Proper (§ 1129(a)(4))

Any payments made or to be made by the Debtor for professional services or costs in

connection with the case are subject to Court approval.

e.   The Debtor Has Disclosed Management Information (§ 1129(a)(5))

This provision is not applicable as this is a personal/individual Subchapter V, chapter 11.

f.   The Plan Is in the Best Interests of Creditors (§ 1129(a)(7))

The Plan satisfies the "best interests of creditors" test because holders of impaired claims

will receive at least as much under the Plan as they would receive in a hypothetical Chapter 7

liquidation.

g.   All Impaired Classes Have Accepted the Plan (§ 1129(a)(8))

All impaired classes entitled to vote have voted to accept the Plan. Therefore, the Plan

satisfies § 1129(a)(8), and confirmation under § 1191(a) is appropriate.

h.   The Plan Provides Proper Treatment of Administrative and Priority Claims (§
     1129(a)(9))

The Plan provides for payment of administrative expense claims and priority claims in

accordance with § 1129(a)(9).

i.   At Least One Impaired Class Has Accepted the Plan (§ 1129(a)(10))

There are no objections to the Plan by any impaired classes.

j.   The Plan Is Feasible (§ 1129(a)(11))

Confirmation is not likely to be followed by liquidation or further financial reorganization. The Debtor's financial projections demonstrate a reasonable likelihood of success and the ability to make all payments required under the Plan.

k.   The Plan Satisfies Remaining Applicable Requirements of § 1129(a)

The remaining provisions of § 1129(a), including §§ 1129(a)(12), (13), and (16), are either satisfied or inapplicable.

**(III).   DECLARATION FOR CONFIRMATION UNDER § 1191(a)**

Because all impaired classes have accepted the Plan and the Plan satisfies all applicable requirements of § 1129(a), other than § 1129(a)(15), the Court should confirm the Plan under § 1191(a). Confirmation under § 1191(a) provides the Debtor with the benefits intended by Congress under Subchapter V, including consensual restructuring and prompt discharge upon confirmation. Further, upon substantial consummation of the Plan, the Subchapter V trustee's service terminates pursuant to 11 U.S.C. § 1183(c).

The Debtor has shut down all prior operations with former partners and has opened a small boutique restaurant on the main street in Ambler, Pennsylvania.  Debtor has streamlined his business expenses and plans to open another small restaurant without any other business partners.  Debtor and his spouse have cut household expenses and are confident that the Debtor's income from his employment will be sufficient to maintain household expenses and make the proposed monthly plan payments.

**WHEREFORE**, the Debtor, by its counsel, under penalty of perjury for any false statements represented herein, respectfully represents that the Plan of Chad Rosenthal has met all the requirements for confirmation pursuant to 11 U.S.C. §1191(a).

> **Respectfully submitted,**
>
> **CENTER CITY LAW OFFICES, LLC**
>
> **BY:** */s/Maggie S. Soboleski*
> Maggie S. Soboleski
> PA Identification No. 88268
> Center City Law Offices, LLC
> 1632 Ellsworth Street
> Philadelphia, PA 19146
> Tel: 215-620-2132

Dated: May 21, 2026

### VERIFICATION

I, Chad Rosenthal hereby acknowledge that I am authorized to make this Verification on behalf of the Debtor and I hereby aver that the facts set forth in the foregoing Debtor's (I) Report Of Plan Voting on The Amended Plan of Reorganization Dated April 27, 2026; (Ii) Memorandum of Law In Support of The Plan Under Section 1191 Of The Bankruptcy Code And (Iii) Confirmation Declaration are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A §4904 relating to the falsification of unsworn statements to authorities.

_____
Chad Rosenthal, Debtor.

May 21, 2026