**Fill in this information to identify the case:**

Debtor Name   CHAD ROSENTHAL _____ United States

Bankruptcy Court for the: EASTERN DISTRIC OF PA _____

CASE NUMBER -25-12369 (DJB)

-(State)  PA

**XX** Check if this is an amended filing

Official Form 425A

# AMENDED **Plan of Reorganization for Small Business Under Chapter 11 SUBCHAPTER V  - JUNE 15, 2026**

CHAD ROSENTHAL FIRST AMENDED PLAN OF REORGANIZATION:   Dated  JUNE 15, 2026

**Background for Cases Filed Under Subchapter V**

### A.  Description and History of the Debtor's Business Pursuant to 11 U.S.C. Section 1190(1)

Debtor is an individual chapter 11, Sub V debtor.  Debtor was forced to file this chapter 11 due to former restaurants that failed during the COVID-19 epidemic and his long-time business partner was unable to cover his responsibility of the joint business debt.  The Debtor opened a smaller restaurant in Ambler, PA, and is able to make plan payments based on his income from this new smaller scale restaurant.  Debtor is also earning income from private catering and dining experiences as well as appearances on cable TV. The Debtor believes this proposed Plan of Reorganization (the "Plan") is fair and equitable based on the Debtor's projected disposable income and thus, entirely feasible.

### B.  The Debtor's Creditors:

**Secured Claims**:
**There are only two secured creditors in the Debtor's bankruptcy.  The Fifth Third Bank at claim #6 is the loan on the Debtor's truck and is being paid pursuant to the loan documents.  Claim #8 is the Debtor's mortgage and is being paid pursuant to the loan documents.**

**Priority Claims:**

**The PA Department of Revenue has a priority claim (claim #1.1) in the amount $95,312 and an unsecured claim in the amount of 32,931.  The Debtor is only 50% responsible for this business debt as his former business partner is also 50% responsible.  The priority claim will be paid in the amount of $882.00 over 60 months and the unsecured claim will be paid in the amount of $3.00 over 54 months (amount paid is 60 months from conversion date of 12/3/25).**

**The IRS has a priority claim of $14,316.  This is business debt for which Debtor is only 50% responsible. Debtor will pay $7,158 over 54 months (60 months from conversion date) for a monthly payment of $133.  Debtor believes that his former business partner is at least 60% responsible for all tax debt on former joint businesses.**

**Wholly Unsecured Claims**

**All unsecured creditors are being paid at 1 cent on the dollar per the attached Exhibit A.**

**Administrative Claims:**

**The Debtor's Administrative Claims are being paid in full through the plan per Section 1191(e) of Subchapter V based on the claims or application for fees filed as of the filing of this Plan or thereafter, including the payments owed to the Subchapter V trustee and the Debtor's counsel.**

**PLEASE SEE ATTACHED TO THIS PLAN, EXHIBIT "A"– TABLE OF BREAKDOWN OF PLAN PAYMENTS**

The Debtor's Monthly Disposable Income allows for the payment of all secured, priority, administrative and undisputed secured claims to be paid in full.  This analysis is based on the Debtor's "Projected Cash Flow Statement," attached as **Exhibit "B."**

**Claims Bar:**

The Claims bar date passed.  All creditors have until **JULY 22, 2026** to vote on acceptance or rejection of this Amended Plan..

**The Debtor will make the monthly payments as per the attached Plan Payment schedule attached as Exhibit "A."  The Subchapter V Trustee will not need to distribute any payments.**

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.

A liquidation analysis is attached as part of the Repayment Plan and Monthly Disposable Income in **EXHBIIT "C."**

C. Ability to make future plan payments and operate without further reorganization

The Debtor shows pursuant to the new contract and the projected earnings that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. Therefore, the Plan is feasible.

The Debtor has provided projected financial information as set forth on **Exhibit "B,"** the Projected Cash Flow Statement.

The Debtor's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) as set forth on the Projected Cash Flow Statement  **IN AN AMOUNT TO PROVIDE FOR THE 60 MONTHLY PAYMENTS TO ALL CREDITORS OVER THE COURSE OF FIVE (5) YEARS.**

The final Plan payment is expected to be paid in 2030.

CHAD ROSENTHAL

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of CHAD ROSENTHAL from DEBTOR'S WAGES.

This Plan provides for:

| | |
|---|---|
| 1 | classes of priority claims; |
| 0 | classes of secured claims; |
| 1 | classes of non-priority unsecured clams; and |
| 0 | classes of equity security holders. |

The IRS and the Commonwealth of PA Dept. of Revenue have priority claims being paid in proportion to the percentage of ownership of the failed businesses.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 1%.  This Plan also provides for the full payment of administrative and priority claims.

All priority administration claims shall be paid in full according to the Plan.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01  **Class 1 ...................................... All allowed claims entitled to priority under § 507(a) of the Code.  This class includes administrative and professional fee claims.**

**Class 1.2 ---                This class also includes all priority government claims.  These claims will be paid in full over 54 months (60 months from date of conversion).  PER EXHIBIT "A' ATTACHED.**

2.02  **Class 2- SECURED CLAIMS:  THERE ARE NO SECURED CLAIMS OR ANY SECURED CLAIMS SHALL BE WITHDRAWN PRIOR TO CONFIRMATION.**

2.03  **Class 3:** All non-priority unsecured claims allowed under § 502 of the Code.

**AS SET FORTH ON THE ATTACHED PAYMENT PLAN AT EXHIBIT "A."**

2.04  **Class 4:  There are no equity security interests.**

CHAD ROSENTHAL

| **Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees** | |
|---|---|
| **3.01** **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| **3.02** **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full over the life of the Plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| **3.03** **Priority tax claims** | |
| **3.04** **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. **ALL PRIORITY TAX CLAIMS ARE TO BE PAID PER EXHIIT A.** |
| **3.05** **Prospective quarterly fees** | **N/A** |

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **ADMIN claims** excluding those in Article 3 | ☐ Impaired<br>**XX** Unimpaired | Class 1 -- Priority TAX Claims will be paid in PROPORTION TO OWNERSHIP INTEREST upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable.<br><br>Class 1 -- Administrative Claims:<br>$7,000.00 TO BE PAID TO DEBTOR'S COUNSEL<br><br>$10,000.00TO BE PAID TO THE SUB V TRUSTEE |
| Class 2 – **SECURED CLAIMS – THERE ARE NO SECURED CLAIMS OF THE DEBTOR TO BE PAID THROUGH THE PLAN. ALL SECURED CLAIMS TO BE PAID OUTSIDE OF THE PLAN PURSUANT TO THE LOAN DOCUMENTS** | | |
| Class 3 – **Non-priority** unsecured creditors<br><br>IMPAIRED. ALL UNSECURED CLAIMS TO BE PAID MONTHLY AT .01CENTS ON THE DOLLAR PURSUANT TO **EXHIBIT "A"** | | |
| Class 4 - Equity security holders of the Debtor<br>**N/A** | | |

CHAD ROSENTHAL

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
| | | (i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed  -- NO DISPUTUED CLAIMS WILL BE PAID |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

CHAD ROSENTHAL

6.01 **Assumed executory contracts and unexpired leases**

The Debtor assumes, and if applicable assigns, the following executory contracts, and unexpired leases as of the effective date:

(a)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.   DEBTOR ASSUMES THE MORTGAGE HELD BY CHASE AND THE TRUCK LOAN HELD BY FIFTH THIRD.

DEBTOR WILL FUND THE PLAN FROM THE INCOME FROM ITS REGULAR HOME INCOME AND EXPENSES AS PER THE ATTACHED  PROJECTED INCOME FILED AS EXHIBIT "B."  THE DEBTOR WILL BE MAKING ALL OF THE PAYMENTS FROM THE DEBTOR WITH NO NEED FOR THE SUBCHAPTER V TRUSTEE TO MAKE ANY PAYMENTS TO ANY OF THE CREDITORS.

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that **IS ON THE FIRST DAY OF THE MONTH AFTER CONFIRMATION.**  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the COMMONWEALTH of  PENNSYLVANIA govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |

CHAD ROSENTHAL

CHAD ROSENTHAL

---

| [8.07 **Corporate governance** | **N/A.** |
| | **THIS IS A PERSONAL CHAPTER 11, SUBCHAPTER V.** |

---

CHAD ROSENTHAL

CHAD ROSENTHAL

---

[8.08 **Retention of Jurisdiction**

This Court shall retain jurisdiction until substantial consummation of the Debtor's Plan post confirmation.

Article 9: Discharge

[Include the appropriate provision in the Plan]

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

**In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case UNTIL ALL PAYMENTS HAVE BEEN RECEIVED UNDER THIS PLAN OR THERE SHOULD BE AN ADMINISTRATIVE DISCHARGE OF THIS CASE PURSUANT TO 11 USC SECTION 1191 (a).**

**[Discharge -- Section 1141(d)(3) IS NOT applicable; use one of the alternatives below]
SEE BELOW**

CHAD ROSENTHAL

CHAD ROSENTHAL

XXXXXX  [Discharge if the Debtor is a corporation under Subchapter V]

**The Debtor's Plan wishes to be confirmed under** § 1191(a)**, on the effective date of the Plan. The Debtor's plan should be confirmed in that all of the requirements of 11 U.S.C. Section 1129 (a) except 1129 (a)(15) are met.**

**The Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:**

> **(i) imposed by this Plan; or**
> **(ii) to the extent provided in § 1141(d)(6).**

DEBTOR PROPOSES THIS PLAN TO BE CONFIRMED UNDER SECTION 1191(a). CREDITORS WHO HAVE OBJECTED TO THE PLAN WILL HAVE WITHDRAWN SUCH OBJECTIONS PRIOR TO CONFIRMATION.

### Article 10: Other Provisions

**[Insert other provisions, as applicable.]**

PROVISIONS FOR DEFAULT:  NOTWITHSTANDING ANY PROVISION OF THE PLAN, IF THE DEBTOR FAILS TO PERFORM ANY POST-PETITION OBLIGATION TO THE SUBCHAPTER V TRUSTEEE OR FAILS TO MAKE PAYMENTS IN ACCORDANCE WITH THE PLAN TO ANY CREDITOR WHOSE CLAIM IS PROVIDED FOR, THE SUBCHAPTER V TRUSTEE OR CREDITOR SHALL GIVE WRITTEN NOTICE ORF THE DEFAULT (THE "DEFAULT NOTICE") TO THE DEBTOR, THE DEBTOR'S COUNSEL AND THE U.S TRUSTEE (THE "TRUSTEE") BY EMAIL AND FIRST CLASS MAIL, POSTAGE PREPAID, ON OR AFTER THE FIFTHEETH (15TH) DAY FOLLOWING THE DEFAULT AND FILE A COPY OF THE DEFAULT NOTICE ELECTRONICALLY ON THE PUBLIC DOCKET.

THE DEBTOR SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE ISSUANCE OF A DEFAULT NOTICE (THE "NOTICE PERIOD") TO CURE ALL DEFAULTS.  IF THE DEBTOR FAILS TO CURE ALL DEFAULTS WITHIN ANY NOTICE PERIOD, THE TRUSTEE OR CREDITOR MAY CERTIFY THE DEFAULT TO THIS COURT.  UPON CERTIFICATION OF DEFAULT BY THE TRUSTEE, THE COURT SHALL ENTER ANY ORDER CONVERTING THIS CASE TO CHPATER 7 WITHOUT FURTHER NOTICE AND HEARING.

CHAD ROSENTHAL

ADDITIONALLY, THERE SHALL BE NO DISCHARGE FOR THE DEBTOR UNTIL ALL TAXING AUTHORITES ARE PAID IN FULL UNDER THIS PLAN.

DEBTOR SHALL FILE QUARTERLY MONTHLY OPERATING REPORTS DETAILING  DISBURSEMENTS  MADE PURSUANT TO PLAN PAYMENTS NO LATER THAT THE 20TH DAY OFTER THE END OF EACH QUARTER

ADDITIONAL PROVISIONS REQUIRED BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE

Notwithstanding any provision to the contrary in the Plan, the Plan Documents, and the Confirmation Order ("Documents"), as to any tax claim held by the Commonwealth of Pennsylvania, Department of Revenue ("Pennsylvania DOR") nothing in the Documents shall:

(a)  require the Pennsylvania DOR, as provided in 11 U.S.C. § 503(b)(1)(D), to file an administrative claim in order to receive payment for any liability described in 11 U.S.C. §§ 503(b)(1)(B) and 503(b)(1)(C);

(b)  affect any setoff and recoupment rights of the Pennsylvania DOR under applicable law or the Reorganized Debtor's defenses thereto and such rights are expressly preserved and shall not be altered or impaired;

(c)  affect the ability of the Pennsylvania DOR to pursue any non-Debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any state tax liabilities owed to the Pennsylvania DOR by the Reorganized Debtor's; and

(d)  confer exclusive jurisdiction to the Bankruptcy Court, except to the extent set forth in 28 U.S.C. § 1334(b), or divest any court of its jurisdiction to adjudicate the validity of any claim of the Pennsylvania DOR;

2.(a)  Administrative Expense Claims, regardless of amount, of the Pennsylvania DOR shall be paid in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code in full in cash on the later of (i) the Effective Date or as soon as practicable after the Effective Date, or (ii) the date on which such Allowed Administrative Expense Claim becomes payable under applicable law, and shall accrue interest (if any) (pursuant to Section 511 of the Bankruptcy Code at the rate set forth under applicable law*) and penalties (if any) in accordance with the Bankruptcy Code and nonbankruptcy law until paid in full.

(b)  Priority Tax Claims of the Pennsylvania DOR, as set forth in its latest Amended Proof of Claim No. 1-2, shall be paid in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code.  To the extent such Priority Tax Claims of the Pennsylvania DOR (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall, to the extent required by applicable non-bankruptcy law, accrue interest (8%) commencing on the Effective Date until paid in full.

3.  Nothing in the Documents shall relieve the Reorganized Debtor from any obligation to file pre-

CHAD ROSENTHAL

petition and post-petition Pennsylvania tax returns that are required under applicable law and pay all taxes, if any, on such tax returns when due.

[*53 Pa.B. 8006 (Saturday, December 23, 2023) ("Under sections 806 and 806.1 of The Fiscal Code (72 P.S. §§ 806 and 806.1), the Secretary of Revenue announces that, for the calendar year beginning January 1, 2024, all underpayments of tax which became due and payable to the Commonwealth shall bear interest at the rate of 8% per annum. …. These rates will remain constant until December 31, 2024. These rates will be codified under 61 Pa. Code § 4.2(a) (relating to rate of interest).")]

CHAD ROSENTHAL

☐

 _/s/ CHAD ROSENTHAL JUNE 16, 2026_
[Signature of the Plan Proponent]                    [Printed Name]

☐ _/s/ Maggie S. Soboleski     JUNE 16, 2026_
[Signature of the Attorney for the Debtor]            [Printed Name]