**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| Chad Rosenthal, | § |
| | § Case No. 25-12369-DJB |
| Debtor. | § |
| | § |
| | § |

**SUPPLEMENTAL OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Supplemental Objection") to confirmation of the *Second Amended Chapter 11 Small Business Subchapter V Plan* (Docket No. 91) (the "Amended Plan") filed by Chad Rosenthal (the "Debtor").  In support of this Objection, the U.S. Trustee states as follows:

**BACKGROUND**

1.     On June 12, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of tile 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").

2.     On December 3, 2025, the Court entered an order (Docket No. 30) converting the case to case under subchapter v of chapter 11 of the Bankruptcy Code.

3.     On March 5, 2026, the Debtor filed the *Chapter 11 Small Business Subchapter V Plan* (Docket No. 51) (the "Plan").

1

4.     On May 14, 2026, the U.S. Trustee filed the *Objection Of The United States Trustee To Debtor's Chapter 11 Plan Of Reorganization* (Docket No. 72) (the "Objection").

5.     On May 21, 2026, the Debtor filed the *Report of Plan Voting with Memo of Law and Confirmation Declaration* (Docket No. 84) (the "Report"). Through the Report, the Debtor confirmed that it has not received any votes accepting the Plan.

6.     On June 16, 2026, the Debtor filed the proposed Amended Plan.

7.     The Debtor has not filed a voting report with respect to the Amended Plan.

8.     The Debtor has not filed a proposed form of order confirming the Amended Plan.

**RESPOSNE**

9.     The U.S. Trustee objects to confirmation under 11 U.S.C. § 1191(a) to the extent the Debtor has not received an accepting vote from all classes of impaired creditors.  Unless all classes of impaired creditors have voted to accept the plan, the plan can be confirmed, if at all, only under Bankruptcy Code section 1191(b) as nonconsensual.

10.     Pursuant to Bankruptcy Code section 1191(a), a subchapter v plan may be confirmed consensually if all the requirements of section 1129(a), other than paragraph (15) are met.  Bankruptcy Code section 1129(a)(8) requires that each impaired class of creditors "has accepted the plan."

2

11.    "If there are no votes within a class, then it cannot be said that the class has accepted the plan.  And no amount of arithmetic can change this simple conclusion, which is drawn directly from the straightforward wording of the statute."  *In re Hisaw*, 2026 Bankr. LEXIS 1395, at *6-7 (Bankr. W.D. La. June 5, 2026).  "Simply put, if there are no votes cast within a class, then that class has not accepted the plan and thus section 1129(a)(8) is not satisfied."  *Id.* at *8 (Bankr. W.D. La. June 5, 2026)

12.    "A class either accepts the plan under § 1129(a)(8), or it does not. Whether the individual creditors in the class have accepted, rejected, or abstained, the Court need only consider whether the class has 'accepted' if it hasn't accepted, the section is simply not met.  The Debtor must show the class accepts, not merely that the class 'doesn't reject.'  Nothing in the Code allows the Court to equate abstention of a class with acceptance."  *In re Sushi Zushi of Tex.*, 2025 Bankr. LEXIS 787, at *12-13 (Bankr. W.D. Tex. Mar. 28, 2025); *In re Lupton Consulting LLC*, 633 B.R. 844, 862, n.20 (Bankr. E.D. Wis. 2021) ("a failure to cast a ballot is not consent").

13.    Bankruptcy Code section 1129(a)(8) requires that all impaired classes accept a plan.  If non-voting classes are disregarded when analyzing section 1129(a)(8), a debtor could confirm a "consensual" plan under section 1191(a) without a single accepting vote if no creditors vote at all, as all of the non-voting classes would be "ignored."  Any such ruling would be in contravention of the plain

3

language of the statute. *In re Sushi Zushi of Tex.*, 2025 Bankr. LEXIS 787, at *14-15 (Bankr. W.D. Tex. Mar. 28, 2025).

14.     An impaired class cannot accept a chapter 11 plan by silence. Bankruptcy Code section 1126(f), which provides that an unimpaired class is "conclusively presumed to have accepted the plan[,]"is the only provision of the Bankruptcy Code specifying when a creditor is deemed to have accepted a plan without having submitted a ballot.  11 U.S.C. § 1126(f).  "[I]t is reasonable to assume that Congress intended section 1126(f) as the exclusive means by which a creditor could be deemed to have accepted a plan in the absence of a ballot, as Congress could have specified other circumstances in which the concept applies." *In re 5 Star Home Care*, 2026 Bankr. LEXIS 1049, at *22 (Bankr. D.S.C. Apr. 24, 2026).

15.     The Court has an independent duty to ensure the standards for confirmation are met even when no objections are lodged. *In re 5 Star Home Care*, 2026 Bankr. LEXIS 1049, at *7 (Bankr. D.S.C. Apr. 24, 2026).  When creditors fail to vote, subchapter v debtors are required to utilize section 1191(b), even if there are no votes against the plan and no objections to confirmation. *In re Florist Atlanta, Inc.*, 2024 Bankr. LEXIS 1842, at *2 n.2 (Bankr. N.D. Ga. Aug. 6, 2024); *In re DynoTec, Indus.*, 2024 Bankr. LEXIS 850, at *9 n.3 (Bankr. D. Minn. Apr. 5, 2024).

16.     The weight of authority, including the most recent cases to address the issue, have held that section 1191(a) requires compliance with section 1129(a)(8),

4

which by its plan language requires affirmative acceptance by a class. *See, e.g., In re Thomas Orthodontics, S.C.*, 2024 Bankr. LEXIS 2334, at *18 (Bankr. E.D. Wis. Sep. 25, 2024) (describing this position as a "clear majority" and finding it persuasive); *In re Florist Atlanta, Inc.*, 2024 Bankr. LEXIS 1842, at *2 n.2 (Bankr. N.D. Ga. Aug. 6, 2024) (court cannot confirm a plan under section 1191(a) where all impaired classes have not affirmatively accepted the plan as required by section 1129(a)(8)); *In re M.V.J. Auto World, Inc.*, 661 B.R. 186, 190 (Bankr. S.D. Fla. 2024) ("It is not absurd that no creditors in a class voting on a plan should be treated any differently than a situation where there is not a sufficient number of creditors voting in favor of a plan to satisfy section 1129(a)(8)."); *In re Sushi Zushi of Tex.*, 2025 Bankr. LEXIS 787, at *1 (Bankr. W.D. Tex. Mar. 28, 2025) (A plan cannot be confirmed as consensual under 1191(a) where an impaired class of creditors fails to cast a ballot.); *In re 5 Star Home Care*, 2026 Bankr. LEXIS 1049, at *30-31 (Bankr. D.S.C. Apr. 24, 2026) (the silence of an impaired class cannot be deemed acceptance for purposes of seeking consensual confirmation under section 1191(a)); *In re Hisaw*, 2026 Bankr. LEXIS 1395, at *6-7 (Bankr. W.D. La. June 5, 2026)( If there are no votes within a class, then it cannot be said that the class has accepted the plan and confirmation must be pursuant to 1191(b).

17.    If the subchapter v plan does not satisfy the requirements for consensual confirmation by failing to secure acceptances from <u>all</u> impaired classes, the subchapter v debtor may still confirm the plan pursuant to Bankrptucy Code section 1191(b).  Nonconsensual confirmation is not an adverse action against a

5

debtor, but rather simply one of two statutory paths for a subchapter V case provided by section 1191, and it is the path that must be followed when the subchapter v plan has not received accepting ballots from all impaired classes.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court sustain the objection set forth herein and grant such other and further relief as the Court deems just and proper.

Dated: July 30, 2026            Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: John.Schanne@usdoj.gov