**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CHAD ROSENTHAL, | : | |
| | : | |
| Debtor. | : | Case No. 25-12369 (DJB) |
| | : | |

**DEBTOR'S (I) REPORT OF PLAN VOTING ON THE**
**AMENDED PLAN OF REORGANIZATION DATED JUNE 16, 2026; (II)**
**MEMORANDUM OF LAW IN SUPPORT OF THE PLAN UNDER**
**SECTION 1191 OF THE BANKRUPTCY CODE and (III) CONFIRMATION**
**DECLARATION**

The Debtor and Debtor in Possession, Chad Rosenthal, by and through its counsel, Center

City Law Offices, LLC., hereby respectfully submits the following (I) Report of Plan Voting, (II)

Memorandum of Law in Support of Confirmation and (III) Confirmation Declaration to this

Honorable Court and represents as follows:

**(I)     REPORT OF PLAN VOTING**

1.      The Debtor filed its Amended Plan of Reorganization on June 16, 2026 with this

Court.

2.      A confirmation hearing is scheduled for August 4, 2026 at 1:00 p.m..

3.  The Debtor caused the Plan, Voting Materials, and Ballot to be served to all required

creditors, interest holders and parties in interest entitled to vote on the Plan.

4.  Consistent with Local Bankruptcy Rule 3016-1, the undersigned, as the attorney for

the Plan Proponent, is required to file this Report of Plan Voting, under penalty of perjury.

5.  The Amended Plan of Reorganization dated June 16, 2026 divides creditors into two

(2) separate Classes.  The following is a report of the votes received from each of the respective

Classes of creditors, to the extent they are required to vote.  Votes were solicited from all

Classes:

a.      The Plan provides that all administrative claims shall be paid in full over

the course of the Plan to the Subchapter V Trustee and Debtor's counsel.  These claims are not

impaired.  Votes were not required from creditors of this Class and this Class is deemed to have

**accepted** the Plan pursuant.

b.      Class II represents the claims of Non-Priority Unsecured Creditors.  Class

II Claimants will be paid at .01 cent on the dollar.  This Class has not filed any objections to the

Plan and did not return a ballot by the deadline.

6.      The Debtor has received only two filed objection to the proposed Confirmation of

the Plan as of the date of filing this Report of Plan Voting.  The Objection of JP Morgan Chase

Bank (*docket #54*) was withdrawn on July 30, 2026 (*docket #96*).   The other supplemented

objection was filed by the Office of the United States Trustee. Counsel to the Debtor and counsel

to the United States Trustee have exchanged e-mail correspondence in efforts to obtain

confirmation of the Plan. Regardless, as it pertains to this instant bankruptcy case, the Debtor has

rectified his business ventures and personal finances by keeping things "simple."   The Debtor

will be able to show that the Debtor's plan is feasible based on Debtor's income.

7.  The Debtor has filed all operating reports through June 2026 and anticipates filing all

future reports in a timely fashion.

**(II).    MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF
REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)**

Debtor, Chad Rosenthal, in the above-captioned Subchapter V case, respectfully submits

this memorandum of law in support of confirmation of the Debtor's Plan of Reorganization dated

June 16, 2026, (the "Plan"), pursuant to 11 U.S.C. §§ 1129 and 1191(b). A debtor seeking

confirmation under 11 U.S.C. § 1191(b) must satisfy all applicable confirmation requirements of

2

11 U.S.C. § 1129(a), except §§ 1129(a)(8), (10), and (15). If one or more impaired classes reject the plan, the court nevertheless must confirm the plan upon the debtor's request if the plan (1) does not discriminate unfairly and (2) is "fair and equitable" with respect to each impaired, non-accepting class.   Here, the Debtor's proposed plan must be considered for confirmation under 1191(b) due to the impaired class of non-priority unsecured creditors failing to submit any ballots in favor of or objecting to the Plan.  The Debtor's plan provisions satisfy all of the other requirements under 1191(b).

## A.  INTRODUCTION

The Debtor converted this case under Subchapter V of Chapter 11 on December 3, 2025 to reorganize his financial affairs and, address the unsecured business debts from his prior restaurant and prior business partner; as well as any debts that he may have personally guaranteed.  The Plan provides creditors with a fair and equitable recovery while allowing the Debtor to enter new culinary projects without the added burden of debt from prior restaurant endeavors, thus maximizing value for all parties in interest.  The sole impaired class entitled to vote did not return any ballots, and therefore is not deemed to have accepted the Plan.

## B.  LEGAL STANDARD

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of a Chapter 11 plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Section 1191 establishes two methods for confirmation of a Subchapter V plan. Under §1191(a), confirmation is consensual and requires satisfaction of all requirements of § 1129(a),

3

except § 1129(a)(15). When one or more impaired classes reject the plan, § 1191(b) authorizes

confirmation notwithstanding the failure to satisfy §§ 1129(a)(8), (10), and (15), provided the

debtor requests confirmation and the plan:

    a.  satisfies all remaining applicable provisions of § 1129(a);

    b.  does not discriminate unfairly; and

    c.  is fair and equitable with respect to every impaired class that has not accepted the

      plan.

## I.  Compliance with Provisions of Section1129(a)

Even in a cram-down under 1191(b), the debtor retains the burden of proving compliance

with all applicable provisions of § 1129(a), including:

- compliance with the Bankruptcy Code (§1129(a)(1));
- compliance by the plan proponent (§1129(a)(2));
- good faith (§1129(a)(3));
- court approval of professional compensation (§1129(a)(4));
- disclosure regarding management (§1129(a)(5));
- regulatory approval where applicable (§1129(a)(6));
- best interests of creditors (§1129(a)(7));
- treatment of priority claims, subject to modifications incorporated into Subchapter V;
- feasibility (§1129(a)(11));
- payment of statutory fees where applicable; and
- continuation of retiree benefits and domestic support obligations where relevant.

See, 11 U.S.C.§1129(a).

Unlike a traditional Chapter 11 case, the debtor need not obtain acceptance from any

impaired class under §1129(a)(10), meaning confirmation is possible even where every impaired

class votes against the plan, or doesn't vote at all. Here, the Debtor's plan complies with all of

the applicable provisions of 1129(a).

**II. Unfair Discrimination**

Section 1191(b) requires that the plan "not discriminate unfairly."

A classification or differing treatment among similarly situated creditors is permissible if supported by a legitimate business or bankruptcy purpose and if the discrimination is not materially prejudicial.

Relevant considerations include:

- whether the classes are similarly situated;
- whether differing treatment has a reasonable basis;
- whether the discrimination is necessary for reorganization; and
- whether the degree of discrimination is proportional to its justification.

In _In re_ Tribune Co., 972 F.3d 228 (3d Cir. 2020)**,** the Third Circuit explained that unfair discrimination analysis requires a comparison among similarly situated creditors. The inquiry is not whether a plan discriminates, because every classification creates differences in treatment, but whether the discrimination is unfair.  The Third Circuit recognized that the central inquiry is whether a dissenting class receives treatment materially inferior to similarly situated classes without sufficient justification. Id at 241.

The classes of creditors in Debtor's Plan are not similarly situated in that the non-priority unsecured creditors are only receiving .01/cent per dollar while the priority and administrative creditors are being paid in full. The Debtor's projected monthly disposable income set forth in Exhibit B (*docket #91*) only supports the non-priority unsecured creditors to receive this percentage of distribution.  This percentage of payment to unsecured creditors is necessary in order to pay priority and administrative claims in full.

5

### III. Fair and Equitable Requirement

The principal distinction between traditional Chapter 11 cram-down and Subchapter V lies in the definition of "fair and equitable."  Traditional Chapter 11 cram-down requires compliance with § 1129(b). Congress intentionally modified this framework in Subchapter V. Section 1191(c) defines "fair and equitable" differently by requiring either:

1. payment of all projected disposable income during the three-year period (or longer period not exceeding five years); or

2. distribution of property having a value not less than projected disposable income.

See 11 U.S.C. § 1191(c)(2).

### IV. Feasibility

Section 1191(c)(3) imposes a heightened feasibility inquiry. The debtor must establish either:

1. that the debtor will be able to make all plan payments; or

2. that there is a reasonable likelihood that the debtor will make all payments, coupled with appropriate remedies if payments are not made.

The Debtor's Plan at Exhibit B shows the Debtor's projected income based on the various sources of small and part-time business activities of the Debtor.  While these amounts may fluctuate, Exhibit B provides a realistic representation of the Debtor's business and consulting income through the end of October 2026.  The Debtor's employment and business income allows the Debtor to contribute to his family's household expenses by paying the mortgage on the marital home and for the truck the Debtor uses for his restaurant and catering businesses.  The

Debtor's Plan therefore, should be confirmed pursuant to the provisions of U.S.C. Section 1191(b).

### III.   DECLARATION FOR CONFIRMATION UNDER § 1191(a)

The Court should confirm the Debtor's Plan pursuant to 11 U.S.C. § 1191(b).  The Plan does not discriminate unfairly because any differences in treatment are supported by legitimate legal and economic distinctions and are necessary to achieve a feasible reorganization. The Plan is fair and equitable because it satisfies the requirements of § 1191(c), provides creditors with the value required by the Bankruptcy Code, commits projected disposable income to Plan payments, and provides a realistic path to completion. Accordingly, the Court should enter an order confirming the Plan notwithstanding rejection by any impaired class.

[continued on next page]

The Debtor has shut down all prior operations with former partners and has opened a small boutique restaurant on the main street in Ambler, Pennsylvania. Debtor has streamlined his business expenses and plans to remain active in the culinary field without any other business partners. Debtor and his spouse have cut household expenses and are confident that the Debtor's income from his employment will be sufficient to contribute to the household expenses and make the proposed monthly plan payments.

**WHEREFORE**, the Debtor, by his counsel, under penalty of perjury for any false statements represented herein, respectfully represents that the Plan of Chad Rosenthal has met all the requirements for confirmation pursuant to 11 U.S.C. §1191(b).

**Respectfully submitted,**

**CENTER CITY LAW OFFICES, LLC**

**BY:***/s/Maggie S. Soboleski*
Maggie S. Soboleski
PA Identification No. 88268
Center City Law Offices, LLC
1632 Ellsworth Street
Philadelphia, PA  19146
Tel:     215-620-2132

Dated:  July 30, 2026

8

**<u>VERIFICATION</u>**

I, Chad Rosenthal  hereby acknowledge that I am authorized to make this Verification on behalf of the

Debtor and I hereby aver that the facts set forth in the foregoing Debtor's (I) Report Of Plan Voting on

The Amended Plan of Reorganization Dated June 16, 2026; (Ii) Memorandum of Law In Support

of The Plan Under Section 1191 Of The Bankruptcy Code And (Iii) Confirmation Declaration are

true and correct to the best of my knowledge, information and belief.   This Verification is made subject

to the penalties of 18 Pa. C.S.A §4904 relating to the falsification of unsworn statements to authorities.

_____

Chad Rosenthal, Debtor.

July 30, 2026