United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-12369-djb |
| Chad Rosenthal | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 05, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2026:**

**Recip ID**       **Recipient Name and Address**
db       + Chad Rosenthal, 1066 Bell Lane, Ambler, PA 19002-2951

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2026        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2026 at the address(es) listed below:**

**Name**       **Email Address**

ADAM BRADLEY HALL
on behalf of Creditor JPMORGAN CHASE BANK  NATIONAL ASSOCIATION amps@manleydeas.com

CHRISTOPHER R. MOMJIAN
on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue crmomjian@attorneygeneral.gov jhuiet@attorneygeneral.gov

DANA S. PLON
on behalf of Creditor SA 990 Spring Garden LP dplon@sirlinlaw.com

JOHN HENRY SCHANNE
on behalf of U.S. Trustee United States Trustee John.Schanne@usdoj.gov

KENNETH E. WEST
on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com

LEONA MOGAVERO, ESQ.

District/off: 0313-2                                User: admin                                      Page 2 of 2

Date Rcvd: Aug 05, 2026                             Form ID: pdf900                                  Total Noticed: 1

      lmogavero@zarwin.com  acoleman@zarwin.com

MAGGIE S SOBOLESKI

      on behalf of Debtor Chad Rosenthal msoboleski@kmllawgroup.com  3532@notices.nextchapterbk.com

United States Trustee

      USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CHAD ROSENTHAL, | : | |
| | : | |
| Debtor. | : | Case No. 25-12369 (DJB) |

_____

### ORDER CONFIRMING PLAN

**AND NOW,** the AMENDED PLAN FILED ON JUNE 16, 2026, under subchapter V of

chapter 11 of the Bankruptcy Code (the "Plan") (Doc #91) having been filed by the Debtor;

**AND,** it having been determined, after notice and a hearing, that the requirements for

confirmation set forth in 11 U.S.C.§ 1191(b) have been satisfied,

It is therefore, **ORDERED** that:

1. The Plan is confirmed pursuant to 11 U.S.C. § 1191(b).

2. Notwithstanding anything in the Plan to the contrary, the Debtor shall serve as the disbursing agent and shall make all required Plan payments, during the life of the Plan.  The Subchapter V Trustee shall not serve as disbursing agent under the Plan.

3. Notwithstanding anything in the Plan to the contrary, the Subchapter V Trustee's appointment shall remain in place and extend post-confirmation.  The Subchapter V Trustee's post-confirmation duties shall be limited to monitoring activities in the case to ensure payments under the confirmed Plan commence and continue.

4. Notwithstanding anything in the Plan to the contrary, where the Debtor is the disbursing agent, the Subchapter V Trustee shall still be required to file the *Chapter*

*11 Subchapter V Trustee's Final Report and Account* upon the Debtor's completion of payments.

5.  The Debtor shall make 60 monthly payments beginning on the first day of the month after this Confirmation Order is entered.

6.  The Debtor must file post-confirmation reporting (the "Reports") from the date of entry of this Order until the time of closing of the bankruptcy case.  The Reports must comply with Local Rule 3021-1 and must include the small business post-confirmation report required by the Office of the United States Trustee, which form is entitled *Office Of The United States Trustee - Region 3 Post-Confirmation Quarterly Summary Report*.  The Debtor shall file each Report on or before the 20th day after the end of each calendar quarter.

7.  No later than fourteen (14) days after the Plan's Effective Date, the Debtor shall file and serve a Notice of Effective Date.

8.  If the Debtor fails to make payment or perform any obligation under the Plan:

    a.  the Debtor shall file a written notice of the default (the "Debtor Default Notice") electronically on the public docket; and

    b.  any creditor or party in interest, including the Subchapter V Trustee, may give written notice of the default (the "Non-Debtor Default Notice" and together with the Debtor Default Notice, a "Default Notice") and file a copy of the Non-Debtor Default Notice electronically on the public docket.

9.  The Debtor shall have twenty-one (21) days from the issuance of a Default Notice (the "Notice Period") to cure all defaults and file a written notice that the Debtor has cured the defaults (the "Cure Notice") electronically on the public docket.  If the

Debtor fails to file the Cure Notice within the Notice Period, the Court shall enter an

order converting this case to chapter 7 without further notice and hearing.  The filing

of a Cure Notice by the Debtor is without prejudice to the rights of parties in interest,

including the Subchapter V Trustee, to assert that the Debtor has failed to cure the

defaults and to seek remedies, including conversion, in connection therewith.

_____
DEREK J. BAKER
United States Bankruptcy Judge

July _____, 2026
**Date: August 4, 2026**